[sic] and the Court finds that he has violated terms and conditions of his Community Control Sanctions.
The court then revoked defendant's community control and reimposed his prison sentence.
Defendant now appeals and has set forth the following assignment of error:
 The trial court's finding that [defendant's] failure to successfully complete the W.O.R.T.H. program warranted termination of [defendant's] supervision under community control sanctions and subsequent imprisonment is against the manifest weight of evidence and is a denial of [defendant's] right to due process of law.
Defendant asserts that he was "unsuccessfully terminated" from the W.O.R.T.H. Program without being provided due process of law. Thus, he argues that the evidence presented at his revocation hearing did not show he willfully failed to complete the program, and accordingly, the trial court's finding was against the manifest weight of the evidence.
The relevant inquiry for this court is whether the defendant was denied due process in the revocation of his community control sanctions. At the outset, it must be noted that following the enactment of the new felony sentencing law, effective July 1, 1996, probation for convicted felons has been abolished and community control sanctions have been implemented. State v. Warbington (Aug. 27, 1998), Franklin App. No. 97APA12-1610, unreported. Courts have analogized community control to probation, see State v. Davis (June 26, 1998), Lake App. opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation."
At the revocation hearing in this case, the State presented the testimony of two of defendant's case managers from the W.O.R.T.H. Center. Both were questioned about defendant's specific violations of the rules at the W.O.R.T.H. Center. The original caseworker testified about two minor rule violations, specifically breaking silence and playing staff against staff in asking to use the phone. She also testified of a behavioral observation where defendant violated the rules by requesting a cigarette break.
Additionally, the other caseworker testified that defendant went to an unauthorized location while out on pass, which would be a major rule violation under the policy at the W.O.R.T.H. Center. The caseworker also testified defendant received two more major rule violations which led to the "Due Process Hearing" conducted by the W.O.R.T.H. Center. Defendant was not present at that hearing. The basis for the breach of security violation was that defendant had left his W.O.R.T.H. identification badge on his bed when he left for work. The essence of the "staff against staff" violation was that defendant asked a staff person for permission to take a nap after he had already been denied permission from another staff person. The caseworker explained that defendant had been revoking his community control sanctions nor did the court violate his right to due process. Defendant's sole assignment of error is overruled.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.